# Console Law Offices LLC
### COUNSELORS AT LAW

www.consolelaw.com

1525 Locust Street, Ninth Floor
Philadelphia, PA 19102
215.545.7676
215.565-2851 fax

110 Marter Avenue, Suite #105
Moorestown, NJ 08057
856.854.4000
856.854.4006 fax

**CAREN N. GURMANKIN, ESQUIRE**
gurmankin@consolelaw.com

December 14, 2012

**Via Hand Delivery**

Clerk, United States District Court
for the Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

        Re:    **Lisa Gault v. Pfizer, Inc.**
               **Our File No.: 3246**
        --------------------------------------------------------------------------------

Dear Sir/Madam:

        Enclosed for filing please find the following:

1)      Complaint (O + 1);
2)      Civil Cover Sheet (with addendum if necessary);
3)      Designation form (O+1)
4)      Case Management Track Designation Form;
5)      a check in the amount of $350.00;
6)      a postage-paid return envelope; and,
7)      a CD-Rom containing a copy of the Complaint in .pdf format.

        Thank you very much.  Please call if you have any questions.

                                        Sincerely,

                                        CAREN N. GURMANKIN

CNG/djs
Enc.

🖎 JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Lisa Gault | Pfizer, Inc. |

| (b) County of Residence of First Listed Plaintiff  Montgomery | County of Residence of First Listed Defendant  Montgomery |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number)  Caren N. Gurmankin, Esquire  Console Law Offices LLC  1525 Locust Street  9th Floor  Philadelphia, PA 19102  (215) 545-7676 | Attorneys (If Known) |
|---|---|

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 365 Personal Injury - Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
see attachment

Brief description of cause:
see attachment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
in excess of $150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  n/a

JUDGE

DOCKET NUMBER

| DATE  December 14, 2012 | SIGNATURE OF ATTORNEY OF RECORD  Caren N. Gurmankin, Esquire |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITIED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LISA GAULT**<br>**Collegeville, PA 19426** | : | **CIVIL ACTION  NO.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PFIZER, INC**<br>**235 East 42nd Street**<br>**New York, NY 10017** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendant.** | : | |

## CIVIL COVER SHEET ATTACHMENT

    VI.       a)     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951 *et seq.*

        b)  Plaintiff  is alleging sex discrimination.

UNITED STATES DISTRICT COURT                                   APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Lisa Gault, Collegeville, PA 19426

Address of Defendant: Pfizer, Inc. 500 Arcola Road, Collegeville, PA 19426

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐ No☒

Does this case involve multidistrict litigation possibilities?     Yes☐ No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Caren N. Gurmankin, Esquire , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: Dec. 14, 2012     _____     205900
                        Attorney-at-Law                Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: Dec. 14, 2012     _____     205900

Caren N. Gurmankin, Esquire

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Lisa Gault | : | CIVIL ACTION |
| | : | |
| v.        Plaintiff, | : | |
| | : | |
| Pfizer, Inc. | : | NO. |
| Defendant. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
 and Human Services denying plaintiff Social Security Benefits                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
 exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
 commonly referred to as complex and that need special or intense management by
 the court. (See reverse side of this form for a detailed explanation of special
 management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| | | |
|---|---|---|
| Dec. 14, 2012 | Caren N. Gurmankin, Esquire | Plaintiff, Lisa Gault |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 545-7676 | (215) 565-2853 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CONSENT TO RECEIVE NOTICE OF ORDERS AND JUDGMENTS IN CIVIL AND
CRIMINAL CASES BY MEANS OF FACSIMILE TRANSMISSION
AND WAIVER OF PROVISIONS OF FED.R.CIV.P. 77(d) OR FED.R. CRIM.P. 49(c)
PROVIDING FOR SAID NOTICE BY MEANS OF MAIL

TO THE CLERK OF COURT:

I hereby waive the provisions of Fed.R.Civ.P. 77(d) or Fed.R.Crim.P. 49(c)

providing for notice of the entry of Orders or Judgments by mail in the manner provided by

Fed.R.Civ.P. 5 or Fed.R.Crim.P. 49(c), and consent that notice may be given to me, in all pending

and future civil or criminal cases in which I enter my appearance, by the Clerk of Court by

facsimile in lieu of notice by means of mail. I understand that this form, when executed, will serve

as Notice to and Authorization for the Clerk of Court to keep this information on file for all

pending and future civil or criminal cases in which I enter my appearance.

I hereby confirm, by execution of this form, that I understand that it is my

responsibility to notify the Clerk of Court, in writing, of my current address and facsimile number.

Caren N. Gurmankin, Esquire
Name (Printed)
Console Law Offices LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19012
Address (Printed)

205900
Bar Id Number

(215) 545-7676
Telephone Number

Address (Printed)

(215) 565-2853
FAX Number

December 14, 2012

Signature

Date

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| LISA GAULT<br>Collegeville, PA 19426 | : <br> : <br> : |
|  | : |
| **Plaintiff,** | : |
|  | : |
| **v.** | : |
|  | : |
| PFIZER, INC.<br>235 East 42nd Street<br>New York, NY 10017 | : <br> : <br> : |
|  | : |
| **Defendant.** | : |
|  | : |

CIVIL ACTION NO.

JURY TRIAL DEMANDED

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Lisa Gault, brings this action against her former employer, Pfizer,

Inc. ("Defendant").  During her employment with Defendant, Plaintiff was

discriminated against because of her sex in violation of Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the

Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.*

("PHRA").

### II.    PARTIES

1.    Plaintiff, Lisa Gault, is an individual and a citizen of the

Commonwealth of Pennsylvania.

2.    Plaintiff is female.

3.    Defendant, Pfizer, Inc., is a Delaware corporation with a principal

place of business at 235 East 42nd Street, New York, NY 10017.

4.      At all times material hereto, Plaintiff worked at Defendant's office at 500 Arcola Road, Collegeville, PA 19426.

5.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

6.      At all times material hereto, Defendant employed more than fifteen (15) employees.

7.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8.      At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

9.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

III.    **JURISDICTION AND VENUE**

10.     The causes of action which form the basis of this matter arise under Title VII and the PHRA.

11.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

12.     The District Court has jurisdiction over all counts pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and where there exists complete diversity of citizenship, as Plaintiff is

a citizen of the Commonwealth of Pennsylvania and Defendant is not a citizen of the Commonwealth of Pennsylvania.

13.    The District Court has supplemental jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

14.    Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000(e)-5(f).

15.    On or about October 6, 2011, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein.  This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

16.    On or about September 21, 2012, the EEOC issued to Plaintiff a Notice of Right to Sue for her Charge of Discrimination.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

17.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

18.    Plaintiff began working for Defendant in or about October 2009 when it acquired her prior employer for whom she was working as a contractor.

19.    In or about August 2010, a few months before her contract was set

to expire, Plaintiff applied for a full-time position at Defendant, that of Manager of Medical Writing.

20.     The Associate Director of the Medical Writing Group (male) was the hiring manager for the open position ("Hiring Manager").  Hiring Manager, for whom Plaintiff had worked at her prior employer, told Plaintiff that he would do what he could to help her get the position.

21.     Plaintiff was offered the position in or about October 2010.  She began full-time employment with Defendant on or about November 1, 2010, reporting directly to Hiring Manager.

22.     At all times material hereto, Plaintiff performed her duties in a highly competent manner.

23.     During her employment, Plaintiff was subjected to discriminatory conduct because of her sex.  Defendant's discriminatory conduct included, but was not limited to, the following:

(a)     In or about November 2010, Plaintiff attended an after-work social event with other employees of Defendant, including Hiring Manager. When they left, Hiring Manager leaned in to kiss Plaintiff.  Plaintiff pulled back from Hiring Manager and told him that his conduct was unacceptable;

(b)     On the day after Hiring Manager tried to kiss Plaintiff, he sent her a text message.   Plaintiff responded by complaining about Hiring Manager's inappropriate conduct during the previous night.  Hiring Manager then apologized and said that he was drunk at the time;

(c)     Approximately one (1) week later, Plaintiff had a work

4

meeting with Hiring Manager in his office, during which he rubbed her upper thigh;

(d)    Hiring Manager told Plaintiff that he wanted to get her clothes off and get her into bed;

(e)    Hiring Manager told Plaintiff that he wanted to take her shopping to buy sexy things;

(f)    Hiring Manager said to Plaintiff that he wished that she were not married and that he was in an unhappy relationship;

(g)    Hiring Manager informed Plaintiff that he hated his boss, Nick Scott, that Mr. Scott did not like Plaintiff because Hiring Manager liked her, and that Hiring Manager was protecting her;

(h)    From on or about December 5, 2010 through on or about December 8, 2010, Plaintiff attended training at Defendant's Connecticut facility. When Hiring Manager arrived on the second day of training, he insisted on taking Plaintiff out to dinner;

(i)    Hiring Manager also told their colleagues that he and Plaintiff had plans together to ensure that he would be alone with her;

(j)    While they were at training in Connecticut, Hiring Manager pressured Plaintiff to let him come up to her hotel room.  As a result of Hiring Manager's pressure and Plaintiff's concern regarding her job security, they went to Plaintiff's hotel room where Hiring Manager fondled her breasts and buttocks;

(k)    When Plaintiff and Hiring Manager were meeting in his office in or about late December 2010 or early January 2011, Hiring Manager took

Plaintiff's hand and put it down his pants and held it there;

(l)     While Hiring Manager was holding Plaintiff's hand down his pants, he told her that he wanted her to give him a blow job and he locked the door to his office.  As a result of Hiring Manager's pressure, Plaintiff gave him a blow job in his office;

(m)     In or about early January 2011, Hiring Manager again pressured Plaintiff to give him a blow job while they were meeting in his office. As a result of Hiring Manager's pressure, Plaintiff did so;

(n)     In or about January 2011, Plaintiff attended a conference in New York with Hiring Manager.  Hiring Manager told Plaintiff that he had lobbied for her to go with him and that they would drive up to the conference together;

(o)     While they were at the conference in New York, Hiring Manager insisted on taking Plaintiff out to dinner, and he told their colleagues that he and Plaintiff had plans together to ensure that he would be alone with her;

(p)     While they were at the conference, Hiring Manager became angry with Plaintiff when she spoke with a male colleague;

(q)     While they were at the conference, Hiring Manager, who insisted on staying in Plaintiff's hotel room during the entire time, had sexual relations with Plaintiff;

(r)     In or about February 2011, during a holiday from work, Hiring Manager called Plaintiff and told her to meet him at a hotel.  Per Hiring Manager's instructions, Plaintiff went to the hotel where they had sexual relations; and,

(s)     Hiring Manager sent instant messages and emails to Plaintiff's work email that were sexual in nature.  As a result of Plaintiff's concern regarding her job security and Hiring Manager pressure, she responded with what he thought he wanted her to say.

24.     In or about March 2011, Plaintiff received an email from Mr. Scott saying that he was coming to her office to meet with her.  Mr. Scott did not inform Plaintiff of the subject of the meeting.

25.     Shortly after Plaintiff heard from Mr. Scott, she received an email from Hiring Manager in which he told her that Mr. Scott was coming to her office to talk to her about her relationship with Hiring Manager.

26.     Hiring Manager instructed Plaintiff to tell Mr. Scott that they were not having a sexual relationship, but that they were just friends.

27.     During Mr. Scott's meeting with Plaintiff, he treated her in a hostile manner.  Mr. Scott informed Plaintiff that someone at Defendant had complained of a relationship between Plaintiff and Hiring Manager and he accused her of engaging in the same.  Per Hiring Manager's instruction, Plaintiff denied having a relationship with him to Mr. Scott.

28.     After Plaintiff's meeting with Mr. Scott, Hiring Manager told Plaintiff that he had lied to Mr. Scott by telling him that he and Plaintiff had a relationship before she got her current job reporting to him, but not since that time.

29.     On or about April 13, 2011, Carmen Boswell, Director of Employee Relations, met with Plaintiff.  Patricia Brown, Senior Manager of Employee Relations, participated in the meeting by phone.

30.     During the meeting, Ms. Boswell and Ms. Brown accused Plaintiff of being in an inappropriate relationship with Hiring Manager.  Per Hiring Manager's instruction, Plaintiff denied that she had a relationship with Hiring Manager.

31.     Ms. Boswell and Ms. Brown then, and for the first time, told Plaintiff that they had emails that contradicted her statement that she was not having a relationship with Hiring Manager, although they refused to show her any of the emails.

32.     Later that same day, Defendant terminated Plaintiff's employment. She was told that the reason for the same was that she violated Defendant's conflict of interest policy.

33.     Defendant's reason for terminating Plaintiff is pretextual.

34.     Plaintiff's sex was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected and the termination of Plaintiff.

35.     Defendant failed to prevent or address the discriminatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory conduct.

36.     The discriminatory conduct of Defendant, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

37.    As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

38.    Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights.

39.    The conduct of Defendant, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

## COUNT I - Title VII

40.    Plaintiff incorporates herein by reference paragraphs 1 through 39 above, as if set forth herein in their entirety.

41.    By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

42.    Said violations were intentional and warrant the imposition of punitive damages.

43.    As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

44.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

45.     No previous application has been made for the relief requested herein.

## COUNT II - PHRA

46.     Plaintiff incorporates herein by reference paragraphs 1 through 45 above, as if set forth herein in their entirety.

47.     Defendant, by the above improper and discriminatory acts, have violated the PHRA.

48.     Said violations were intentional and willful.

49.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

50.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

51.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     enjoining and permanently restraining the violations alleged herein;

(d)     entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(e)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(f)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g)     awarding punitive damages to Plaintiff under Title VII;

(h)     awarding Plaintiff such other damages as are appropriate under Title VII and the PHRA;

(i)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(j)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

CONSOLE LAW OFFICES LLC

Dated:   12/14/12                    BY:    _____
                                           Stephen G. Console (36656)
                                           Caren N. Gurmankin (205900)
                                           1525 Locust St., 9th Floor
                                           Philadelphia, PA 19102
                                           (215) 545-7676
                                           (215) 545-8211 (fax)

                                           Attorneys for Plaintiff,
                                           Lisa Gault

Exhibit 1

| CHARGE OF DISCRIMINATION | | AGENCY | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | ☐ FEPA<br>x  EEOC | 530-2012-00093 |

| STATE OR LOCAL AGENCY: **PHRC** | |
|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>Lisa Gault | HOME TELEPHONE NUMBER *(Include Area Code)*<br>215-873-7817 |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Collegeville, PA 19426 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>Pfizer, Inc. | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|

| STREET ADDRESS<br>235 East 42nd Street | CITY, STATE AND ZIP<br>New York, NY 10017 | COUNTY<br>New York |
|---|---|---|

| STREET ADDRESS<br>Charging Party's Work Location<br>500 Arcola Road | CITY, STATE AND ZIP<br>Collegeville, PA 19426 | COUNTY<br>Montgomery |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>☐ Race   ☐ Color  X Sex   ☐ Religion   ☐ National Origin<br>☐ Retaliation   ☐ Age   ☐ Disability   ☐ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*     *Latest* 4/13/11 |
|---|---|

THE PARTICULARS ARE:

**A.    Relevant Work History:**

A.  I was hired by Respondent on or about November 1, 2010 as a Manager of Medical Writing and reported to ▮▮▮▮ (male).  Mr. ▮▮▮ reported to Nick Scott (male).   I performed my duties in a highly competent manner.  As recently as March 2011, Mr. Scott gave me positive feedback regarding my performance.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge Information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date: *Lisa Anne Gault* 10/6/11<br>Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

**Lisa Gault v. Pfizer, Inc.**
**EEOC Charge of Discrimination**
**Page 2 of 4**

B.  Respondent discriminated against me on the basis of my sex, including subjecting me to sexual harassment and a hostile work environment because of my sex. Evidence of discriminatory conduct includes, but is not limited to, the following:

1)  I worked for Wyeth Pharmaceuticals ("Wyeth") as a contractor placed through On Assignment.  Respondent acquired Wyeth effective on or about October 15, 2009.  I began working for Respondent after Respondent acquired Wyeth. In or about the first quarter of 2010, Respondent informed me that I would continue working at Pfizer through 2010; however, I understood that my contract would expire at the end of 2010 at which time I would cease working for Pfizer.

2)  In or about April 2010, Pfizer posted a full-time position for a Manager of Medical Writing.  The position was quickly filled by a former Wyeth employee; however, that employee left after three (3) months and Respondent again sought to fill the position.  ██████ was the hiring manager for the position.

3)  In or about August 2010, I applied for the Manager of Medical Writing position.  Mr. ███ told me he would do what he could to help me get the position.  I previously knew Mr. ███ because we had worked together at Wyeth.

4)  I interviewed with Respondent in Connecticut.  During the interview, Mr. Scott insinuated that I was Mr. █████ favored candidate.  I was offered the position in or about October 2010, accepted the position, and began full-time employment with Pfizer effective November 1, 2010 reporting to Mr. ████.

5)  In or about November 2010, Mr. ████ attempted to kiss me upon leaving an after work social event.  I declined Mr. ████ advance and told him he could not do that.  The next day, Mr. ████ sent me a text message apologizing for his conduct stating that he was drunk at the time.

6)  On or about December 5, 2010 until on or about December 8, 2010, I attended training at Respondent's facility in Connecticut.  Mr. ████ arrived in Connecticut for meetings during the second day I was at training.  Mr. ████ insisted on taking me out to dinner.  Throughout the evening Mr. ████ made sexual advances to me.  I believe that Mr. ████ thought that I owed him for hiring me at Respondent.

7)  Mr. ████ pressured me into bringing him back to my hotel room.  I gave into the pressure because I feared for my job.  Mr. ████ spent the night in my hotel room where he fondled my breasts and buttocks.

8)  From in or about January 2011 to in or about February 2011, Mr. ████ pressured me to perform oral sex on him in the office.  On three occasions, I

**Lisa Gault v. Pfizer, Inc.**
**EEOC Charge of Discrimination**
**Page 3 of 4**

performed oral sex on Mr. ▆ in his office during Respondent's regular work hours.

9) On a daily basis, Mr. ▆ initiated instant messages or emails to me that were very sexual in nature.  In fear of keeping my job, I would respond to Mr. ▆ with whatever I thought he wanted to hear.

10) From in or about January 25 through January 28, 2011, I was sent by Respondent to an infectious disease summit in New York City because Mr. ▆ lobbied for me to go with him.  I felt that I had no choice but to attend the summit with Mr. ▆ because of his efforts to get Respondent to approve sending me to the summit.

11) While attending the summit, Mr. ▆ took me to dinner during which he purchased drinks for me.  Mr. ▆ pressured me into having sexual relations with him that evening.

12) On two other occasions in January and February 2011, Mr. ▆ pressured me into having sexual relations.

13) In or about March 2011, Mr. ▆'s supervisor, Mr. Scott, met with Mr. ▆ and asked if a relationship existed between Mr. ▆ and I.  Mr. ▆ lied to Mr. Scott and told him that a relationship previously existed between Mr. ▆ and I before I was hired by Respondent.  Mr. ▆ also lied and denied the existence of an ongoing relationship.

14) After Mr. Scott met with Mr. ▆, he met with me and accused me of being in a relationship with Mr. ▆.  I was scared during this meeting and denied any relationship because I believed Mr. Scott would terminate me.  Mr. Scott was hostile and accusatory during the meeting.  I did not feel that I could make a sexual harassment complaint to Mr. Scott.

15) On or about April 13, 2011, two of Respondent's Human Resources representatives met with me and accused me of being in a relationship with Mr. Scott.  I again denied any relationship because I was afraid Respondent would terminate me.

16) After I denied a relationship existed between Mr. ▆ and me, the HR representatives told me they had emails that said otherwise.  I believe that they were referring to the emails that Mr. ▆ sent me to which I responded with what he wanted to hear.

17) I was told to return to my desk and would be called back later that day.  Later, I was called back to a meeting with Human Resources and terminated for allegedly violating Respondent's conflict of interest policy.  I was given a

**Lisa Gault v. Pfizer, Inc.**
**EEOC Charge of Discrimination**
**Page 4 of 4**

packet of documents, escorted out of the building and told that my belongings would be sent to me in the mail.

18) During the meeting with Human Resources neither representative told me that I could make a complaint of sexual harassment and not be retaliated against.  I did not feel that I could make a complaint regarding sexual harassment.

C. Respondent has not provided a legitimate, non-discriminatory reason for the discrimination, sexual harassment and hostile work environment to which I have been subjected.

D. Respondent has discriminated against me and subjected me sexual harassment and to a hostile work environment based on my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq* ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq* ("PHRA").

# Exhibit 2

EEOC Form 161 (rev 2/17/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  Lisa Gault
████████████
Collegeville, PA 19426

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

*On behalf of person(s) aggrieved whose identity
is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2012-00093 | Legal Unit | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]  Your charge was not timely filed with EEOC.   In other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ X ]  The EEOC issues the following determination:   Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.   This does not certify that the respondent is in compliance with the statutes.   No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]  Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.   You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.   Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost.   (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**   EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.   This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____           9/21/12
Spencer H. Lewis, Jr., District Director           *(Date Mailed)*

Enclosure(s)

Information Sheet

cc:   PFIZER PHARMACEUTICALS
Caren N Gurmankin, Esq. (for Charging Party)
Carla D Macaluso, Esq. (for Respondent)

cc:      Caren N Gurmankin, Esq.
CONSOLE LAW OFFICES, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

Carla D. Macaluso, Esquire
Jackson Lewis LLP
220 Headquarters Plaza
East Towe, 7th Floor
Morristown, NJ 07960

Mary Elizabeth Nagy
Senior Corporate Counsel
PFIZER PHARMACEUTICALS
500 Arcola Road
Collegeville, PA 19426